Edward J. Wynne   (SBN 165819)
   ewynne@wynnelawfirm.com
WYNNE LAW FIRM
80 E. Sir Francis Drake Blvd., Ste. 3G
Larkspur, CA 94939
Telephone    (415) 461-6400
Facsimile    (415) 461-3900

Bryan J. McCormack (SBN 192418)
   bryan@mcelawfirm.com
MCCORMACK & ERLICH, LLP
150 Post Street, Suite 742
San Francisco, CA 94108
Telephone    (415) 296-8420
Facsimile    (415) 296-8552

Plaintiffs' Counsel

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAOMI FARFAN, LOLLIE WEBSTER, and TERRI RICHTER, individually and on behalf of other members of the general public similarly situated, | Case No.: |
| | **COMPLAINT** |
| Plaintiffs, | **[CLASS ACTION]** |
| vs. | 1.  29 U.S.C. § 216(b) (FLSA Wages) |
| SSC CARMICHAEL OPERATING COMPANY LP; SSC CARMICHAEL OPERATING GP, LLC; SSC CARMICHAEL MANAGEMENT COMPANY LP; SSC HICKORY 13TH OPERATING COMPANY LLC; SSC HICKORY EAST OPERATING COMPANY LLC; SAVASENIORCARE ADMINISTRATIVE SERVICES, LLC; SAVASENIORCARE, LLC; SAVASENIORCARE CONSULTING, LLC, | 2.  Labor Code §§ 510, 1194 (Cal. Wages) |
| | 3.  Labor Code §§ 226.7, 512 (Meal Breaks) |
| | 4.  Labor Code § 226.7 (Rest Breaks) |
| | 5.  B&P § 17200 (Cal. Wages) |
| | 6.  B&P § 17200 (Meal and Rest Breaks) |
| | 7.  Labor Code § 203 (Waiting Time Penalties) |
| | 8.  Labor Code § 226 and 1174  (Wage Statements) |
| Defendants. | **JURY TRIAL DEMANDED** |

Plaintiffs Naomi Farfan, Lollie Webster, and Terri Richter, on behalf of themselves and all others similarly situated, allege as follows:

### INTRODUCTION

Plaintiffs Naomi Farfan, Lollie Webster, and Terri Richter bring this action as a Nationwide Representative Action on behalf of all current and former non-exempt employees of SSC Carmichael Operating Company LP; SSC Carmichael Operating GP, LLC; SSC Carmichael Management Company LP; SSC Hickory 13th Operating Company LLC; SSC Hickory East Operating Company LLC; SavaSeniorCare Administrative Services, LLC; SavaSeniorCare, LLC; and SavaSeniorCare Consulting, LLC ("Defendants") employed within the last three years who elect to opt-in to this action. Plaintiffs allege that they and other non-exempt employees were denied overtime compensation and other wages in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

1.      Plaintiffs Naomi Farfan and Lollie Webster also bring this action as a California-only Class on behalf of all of Defendants' non-exempt employees employed within the State of California during the last four years through the time this case is certified as a class, alleging that they have been denied meal and rest breaks, overtime compensation and other wages, and that they were not provided proper wage statements in violation of California labor law.

2.      Plaintiffs Naomi Farfan and Lollie Webster also bring this action as a California-only Waiting Time Penalties Sub-Class on behalf of all formerly employed California-based non-exempt employees during the last three years through the time this case is certified as a class who were not timely and properly paid their final wages at time of termination in violation of California Labor Code §§ 201-203.

3.      Plaintiffs are unaware of the names and capacities of all Defendants who may have caused or contributed to the harms complained of herein, but will seek leave to amend this complaint once their identities become known. Upon information and belief, Plaintiffs allege that at all relevant times each Defendant was the officer, director, employee, agent, representative, alter ego, joint employer, co-employer, or co-conspirator of each of the other Defendants, and has engaged in the conduct alleged herein, and was in the course and scope of and in furtherance

1  of such relationship.

2      4.    The Nationwide Representative Action, the California Sub-Class, and the

3  California Waiting Time Penalties Sub-Class are hereafter collectively referred to as the "Class"

4  or "Classes."

5      5.    The individual members of the Class are hereafter collectively referred to as the

6  "Class Members."

7  <u>**JURISDICTION AND VENUE**</u>

8      6.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 29

9  U.S.C. § 216(b) on account of the federal question at issue in this litigation.

10      7.    This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiffs'

11  state law claims because those claims derive from a common nucleus of operative facts.

12      8.    Venue is proper pursuant to 28 U.S.C. § 1391 as Defendants are subject to

13  personal jurisdiction in this district because they conduct business within this judicial district.

14      9.    At all times herein mentioned, Defendants are business entities licensed to do

15  business and doing business in the Northern District of California.  Defendants own and operate

16  businesses and establishments in multiple separate geographic locations within the State of

17  California, including San Jose, Pittsburg, and Oakland, California, which are within the Northern

18  District of California.  Based on the facts and circumstances incident to Defendants' business in

19  California, Defendants are subject to the California Labor Code, California Business and

20  Professions Code § 17200 *et seq*., (Unfair Practices Act), the applicable Industrial Welfare

21  Commission Wage Orders, and the FLSA.

22  <u>**PARTIES**</u>

23      10.    Plaintiff Naomi Farfan is a resident of the State of California and was formerly

24  employed by Defendants as a Certified Nursing Assistant during the statutory time-period

25  covered by this complaint.

26      11.    Plaintiff Lollie Webster is a resident of the State of California and has been

27  employed by Defendants as a Certified Nursing Assistant during the statutory time-period

28  covered by this complaint.

COMPLAINT
[CLASS ACTION]

12.     Plaintiff Terri Richter is a resident of the State of North Carolina and was formerly employed by Defendants as a Licensed Practical Nurse during the statutory time-period covered by this complaint.

13.     Defendant SSC Carmichael Operating Company LP, a Delaware limited liability company, operates a residential care and rehabilitation facility doing business under the name "Mission Carmichael." SSC Carmichael Operating Company LP's principal executive office is located at One Ravinia Drive, Ste. 1400, Atlanta, Georgia. Plaintiffs Naomi Farfan and Lollie Webster both worked at the Mission Carmichael facility, located in Carmichael, California.

14.     Defendant SSC Carmichael Operating GP LLC, a Delaware limited liability company, operates as the sole general partner of SSC Carmichael Operating Company, LP. SSC Carmichael Operating GP LLC's address is One Ravinia Drive, Ste. 1400, Atlanta, Georgia. Wynn G. Sims is the Vice President and Secretary of SSC Carmichael Operating GP LLC. Wynn G. Sims is identified as the person for all communications with the California Secretary of State for SSC Carmichael Operating GP LLC and his company is identified as SavaSeniorCare Administrative Services, LLC located at One Ravinia Drive, Ste. 1400, Atlanta, Georgia. Harry Grunstein is the Manager of SSC Carmichael Operating GP LLC. Wayne Sanner is the Chief Executive Officer of SSC Carmichael Operating GP LLC and his address is One Ravinia Drive, Ste. 1400, Atlanta, Georgia.

15.     Defendant SSC Carmichael Management Company LP is a Delaware limited partnership. Defendant SSC Carmichael Management GP LLC is the sole general partner of SSC Carmichael Management Company LP. Harry Grunstein is the manager of SSC Carmichael Management GP LLC.

16.     Defendant SSC Hickory 13th Operating Company LLC and SSC Hickory East Operating Company LLC, Delaware limited liability companies, operate a residential care and rehabilitation facility doing business under the name "Brian Center Health and Rehabilitation/Hickory East." Their principal executive office is located at One Ravinia Drive, Ste. 1400, Atlanta, Georgia. Plaintiff Terri Richter worked at the Brian Health and Rehabilitation facility, located in Hickory, North Carolina.

17.     Defendant SavaSeniorCare, LLC, a Delaware limited liability company, owns, operates and manages seven residential care and rehabilitation facilities in California, including Mission Carmichael, and more than 200 facilities in the United States. SavaSeniorCare, LLC holds itself out as one of the largest short-term and long-term health care services in the United States. SavaSeniorCare, LLC's principal office address is One Ravinia Drive, Ste. 1500, Atlanta, Georgia. Wynn G. Sims is the assistant secretary of SavaSeniorCare, LLC. One of SavaSeniorCare LLC's directors and beneficial owners is Leonard Grunstein, who is the brother of Harry Grunstein. Another of SavaSeniorCare LLC's beneficial owners, directors and general or managing partners is Murray Forman, whose address is One Ravinia Drive, Ste. 1400, Atlanta, Georgia. SVCare Holdings LLC and Canyon Sudar Partners, LLC are beneficial owners of defendant SavaSeniorCare LLC. Canyon Sudar Partners LLC's founding partners are Leonard Grunstein and Murray Forman.

18.     Defendant SavaSeniorCare Administrative Services, LLC, a Delaware limited liability company, is a wholly-owned subsidiary of SavaSeniorCare LLC and provides various administrative services, including human resources and payroll, to SavaSeniorCare, LLC's residential care and rehabilitation facilities throughout the United States. In return, SavaSeniorCare Administrative Services, LLC receives a percentage of the net revenue generated by the facilities. SavaSeniorCare Administrative Services, LLC's principal office address is One Ravinia Drive, Ste. 1500, Atlanta, Georgia. Wynn G. Sims is the Vice President and Secretary of SavaSeniorCare Administrative Services, LLC.

19.     Defendant SavaSeniorCare Consulting, LLC, a Delaware limited liability company, is a wholly-owned subsidiary of SavaSeniorCare, LLC. SavaSeniorCare Consulting, LLC provides certain "consulting" services to Sava's residential care and rehabilitation facilities, including advice on clinical processes and procedures, support for rehabilitation therapy services, and operations oversight. In return, SavaSeniorCare Consulting, LLC receives a percentage of the net revenue generated by Sava's residential care and rehabilitation facilities. Defendant SavaSeniorCare Consulting, LLC's principal office address is One Ravinia Drive, Ste. 1500, Atlanta, Georgia. Wynn G. Sims is the Vice President and Secretary of SavaSeniorCare

Consulting, LLC.

## ALTER EGO ALLEGATIONS

20.     Because of their interrelations of operations, common ownership or management, centralized control of labor relations, common ownership or financial controls, and other factors, Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership and management that they may be treated as a single entity and/or joint employer for purposes of the instant action. There is a sufficient unity of interest and ownership among Defendants, and between each of them, such that the acts of one are for the benefit and can be imputed to the acts of the others.

21.     Plaintiffs allege on information and belief that Defendants treat the assets of one as the assets of all, and SavaSeniorCare, LLC siphons funds and assets from SSC Carmichael Operating Company LP; SSC Carmichael Operating GP LLC; SSC Carmichael Management Company LP and SSC Carmichael Management GP LLC; (hereinafter collectively referred to as "SSC Carmichael") as well as from SSC Hickory 13th Operating Company LLC and SSC Hickory East Operating Company LLC (hereinafter collectively referred to as "SSC Hickory"); and pay large administrative fees to SavaSeniorCare Administrative Services LLC and SavaSeniorCare Consulting, LLC.

22.     Plaintiffs allege on information and belief that Defendants have agreed to be jointly and severally liable for the debts of one another and are parties to a credit facility agreement from which operating expenses are drawn. Defendants have agreed to be jointly and severally liable for one another's debts under the terms of the agreement.

23.     Plaintiffs allege on information and belief that the Sava Defendants make and approve key decisions concerning the day-to-clay operations, such as staffing levels, employee hiring and firing, budgets and related issues, of SSC Carmichael, SSC Hickory and the other residential care and rehabilitation facilities. Such decisions and directives were made at the direction of and/or for the benefit of the Sava Defendants.

24.     Plaintiffs allege on information and belief that SSC Carmichael and SSC Hickory, and the other residential care and rehabilitation facilities, have no website of their own.

Rather, they are included on a list of Sava facilities on www.savasc.com.

25.   Plaintiffs allege on information and belief that Defendants manage and control SSC Carmichael and the other residential care and rehabilitation facilities and make all critical decisions regarding staffing and budgets. Defendants benefit financially from their policies, decisions, control and management of SSC Carmichael and the other facilities in the form of income and profits received from them, but hide behind their elaborate corporate structure to escape financial and legal liability.

26.   Plaintiffs allege on information and belief that Defendants pledge their assets as collateral in furtherance of their single enterprise goals, but shield those same assets behind the corporate structure to avoid responsibility when their operations cause harm or violate the law. Defendants bank on their branding and recognition of the "Sava" name to draw residents into their facilities. Defendants present themselves publicly as a unified nationwide operation, through brochures, marketing materials, their website, communications with the media, and other publications in order to draw residents to their facilities. If Defendants are not treated as a single enterprise or alter egos of each other, a severe injustice will result to consumers, including Plaintiffs. Defendants have caused SSC Carmichael, SSC Hickory and the other facilities to violate the rights of its employees, including Plaintiffs, in order to maximize their own profits.

27.   Injustice will result if the Court does not disregard the fiction of the separate corporate identities Defendants have constructed to conceal and misrepresent the identity of, the responsible ownership of, management of, and financial interest in SSC Carmichael and the other residential care and rehabilitation facilities. Defendants have created a complex ownership and management structure in order to shield themselves from liability and to carry out their single enterprise with financial impunity. For these and other reasons alleged herein, allowing Defendants to avoid legal responsibility for actions taken at the facility level, which they directed and caused, would be unfair and unjust.

## **FACTUAL ALLEGATIONS**

28.   Defendants jointly employed Plaintiff Naomi Farfan as a Certified Nursing

COMPLAINT
[CLASS ACTION]

Assistant from approximately October 2012 to March 2017 in Defendants' "Mission Carmichael" facility, located in Carmichael, California.

29.     Defendants jointly employed Plaintiff Lollie Webster as a full-time Certified Nursing Assistant from approximately July 15, 2015 to December 22, 2016 in Defendants' "Mission Carmichael" facility. Since December 23, 2016, Webster has worked "on-call" for Defendants.

30.     Defendants jointly employed Plaintiff Terri Richter as a full-time Licensed Practical Nurse from approximately April 2015 to January 11, 2018 in Defendants' "Brian Center Health and Rehabilitation/Hickory East" facility.

31.     Defendants did not provide, authorize or permit Plaintiffs Naomi Farfan and Lollie Webster, and other non-exempt California employees, to take uninterrupted meal breaks and rest breaks as required under California law and did pay them for all hours worked. Defendants deducted thirty-minutes of pay for meal breaks that were not taken; failed to provide ten-minute rest periods for every four hours worked; and routinely interrupted and prevented Plaintiffs Farfan, Webster and other California non-exempt employees from taking meal and rest periods. Ms. Farfan and other employees complained to Defendants about these unlawful policies, but Defendants refused to change such practices.

32.     Defendants did not consistently pay Plaintiffs, and other non-exempt employees, for overtime compensation at time and one-half for hours worked in excess of forty hours per week, as is required under California and federal law and did not pay for all hours worked.

**CLASS ALLEGATIONS**

33.     Plaintiffs bring this action on behalf of a Nationwide Representative Action pursuant to the FLSA, 29 U.S.C. 216(b) and two California Sub-Classes pursuant to Federal Rule of Civil Procedure 23.

34.     The members of the Class and Sub-Classes are so numerous that joinder of all members is impracticable. The exact number of the members of the Classes can be determined by reviewing Defendants' records.

35.     Plaintiffs will fairly and adequately protect the interests of the Classes and have

retained counsel who are experienced and competent in class action and employment litigation. Plaintiffs have no interests that are contrary to, or in conflict with, members of the Class.

36. A class action suit, such as the instant one, is superior to other available means for fair and efficient adjudication of this lawsuit. The damages suffered by individual members of the Classes may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the Classes to individually seek redress for the wrongs done to them.

37. A class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy. Absent these actions, the members of the Classes likely will not obtain redress of their injuries and Defendants will retain the proceeds of their violations of California and United States law.

38. Even if any member of the Classes could afford individual litigation against Defendants, it would be unduly burdensome to the judicial system. Concentrating this litigation in one forum will promote judicial economy and parity among the claims of individual members of the Classes and provide for judicial consistency.

39. There is a well-defined community of interest in the questions of law and fact affecting the Classes as a whole. Questions of law and fact common to each of the Classes predominate over any questions affecting solely individual members of the action. Among the common questions of law and fact are:

        a. Whether the California Class members are provided legally compliant meal breaks;

        b. Whether the California Class members are provided legally compliant rest breaks;

        c. Whether Defendants improperly deducted thirty minutes of wages from the Class members' paychecks when they missed their meal breaks;

        d. Whether the Class members are paid overtime compensation for hours worked over forty per week;

COMPLAINT
[CLASS ACTION]

e.    Whether the Class members have sustained damages and, if so, what the proper measure of damages is.

40.    The answers to these predominant common questions are equally applicable to all Class Members and are answers that will drive resolution of this litigation.

41.    Pursuant to 29 U.S.C. § 207, Plaintiffs seek to prosecute the FLSA claims as a Nationwide Representative Action on behalf of the following similarly situated persons:

> All current and former non-exempt employees of Defendants in the United States of America who worked at any time from three years prior to the filing of this Complaint up to the time of certification (the "FLSA class.")

42.    Pursuant to Federal Rule of Civil Procedure 23(a) and (b), Plaintiffs also allege a California-only Class on behalf of:

> All current and former non-exempt employees of Defendants, in California who worked at any time from four years prior to the filing of this Complaint up to the time of certification (the "California Class.")

43.    Pursuant to Federal Rule of Civil Procedure 23(a) and (b), Plaintiffs also allege a California-only Waiting Time Penalties Sub-Class on behalf of:

> All formerly employed non-exempt employees of Defendants in California who worked at any time from three years prior to the filing of this Complaint up to the time of certification (the "California Sub-Class.")

44.    Notice of the pendency and any resolution of this action can be provided to Classes by mail, print, and/or internet publication.

## FIRST CAUSE OF ACTION

### (29 U.S.C. § 201 *et seq.* on behalf of the FLSA Class)

45.    Plaintiffs incorporate the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

46.    At all relevant times, Defendants have been and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

47.    At all relevant times, Defendants employed, and/or continue to employ, Plaintiffs and each member of the FLSA Class within the meaning of the FLSA.

48.    As alleged above, Defendants had a policy and practice of unlawfully deducting

thirty-minutes of pay for meal breaks that were not taken; failing to properly pay overtime compensation to non-exempt employees for the hours worked in excess of forty hours per week; and failing to pay their non-exempt employees all wages due.

49.     Defendants' failure to pay Plaintiffs and all other members of the FLSA Class for all hours worked at their regular rate of pay and/or at the FLSA minimum wage rate, and overtime compensation at a rate not less than one and one-half times their regular rate for work performed beyond the 40 hour workweek, is in violation of 29 U.S.C. §§ 206, 207.

50.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a).

51.     Due to the Defendants' FLSA violations, Plaintiffs, on behalf of the members of the FLSA Class, are entitled to recover from Defendants unpaid overtime compensation and other wages, an additional amount equal as liquidated damages, reasonable attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION

### (Labor Code §§ 510, 1194 on behalf of the California Class)

52.     Plaintiffs incorporate the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

53.     California Labor Code § 510 states that an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 per week and/or 8 per day.

54.     Defendants routinely deducted thirty-minutes of pay from Plaintiffs and other Class members for meal periods that were not taken.

55.     Class members regularly worked more than 40 hours per week, but were not paid overtime compensation unless they worked more than 8 hours per day or 80 hours in a two-week period.

56.     Class members are paid hourly and do not meet any of the tests for exempt status under the California Wage Orders and/or the California Labor Code.

57.     By their failure to pay wages for all hours worked, as alleged above, Defendants

have violated and continue to violate the above noted provisions of the California Labor Code and the applicable IWC Wage Order.  As a result of Defendants' unlawful acts, Plaintiffs and other Class members have been deprived of wages at the overtime rate, the regular rate and the minimum wage rate, and are entitled to recovery of such unpaid wages.

58.     Due to Defendants' failure to pay the minimum wage for all hours worked, Plaintiffs and the California Class are entitled to liquidated damages, in an amount equal to the unpaid minimum wages, pursuant to Labor Code § 1194.2.

59.     Plaintiffs and the California Class members seek their unpaid minimum wages, overtime compensation, and other wages, including interest thereon and reasonable attorneys' fees and costs pursuant to Labor Code §§ 218.5 and 1194.

## THIRD CAUSE OF ACTION

**(Labor Code §§ 226.7 and 512 – Meal Period Violations - on behalf of the California Class)**

60.     Plaintiffs incorporate the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

61.     In violation of Labor Code § 512 and IWC Wage Order 5-2001, Defendants failed to provide and document meal period breaks for the California Class in the number, length and manner as required.  In violation of Labor Code § 226.7, Defendants have failed to pay Plaintiffs and the California Class their wages owed for not being provided meal period breaks as required by law. At no time have Plaintiffs or the California Class entered into any written agreement with Defendant expressly or impliedly waiving their right to their meal breaks. Plaintiffs and the California Class have been injured by Defendants' failure to comply with Labor Code § 512 and IWC Wage Order 5-2001 and are thus entitled to the wages set forth in Labor Code § 226.7 and IWC Wage Order 5-2001 § 11.

62.     As a proximate result of the unlawful acts of Defendants, Plaintiffs and the other California Class members have been deprived of premium wages in an amount unknown at this time, but which will be shown according to proof at the time of trial.  Further, Plaintiffs and the other Class members are entitled by statute to recover reasonable attorneys' fees, costs of suit, and interest and penalties on the unpaid amounts pursuant to Labor Code § 218.5.

COMPLAINT
[CLASS ACTION]

**FOURTH CAUSE OF ACTION**

**(Labor Code § 226.7 – Rest Period Violations - on behalf of the California Class)**

63.    Plaintiffs incorporate the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

64.    Labor Code § 226.7 prohibits employers from requiring employees to work during any rest period mandated by the IWC Wage Orders. Section 226.7 also provides for the payment of a premium wage if an employer fails to authorize and permit employees to take rest periods.

65.    By their failure to authorize and permit Plaintiffs and other Class members paid 10-minute rest periods for every four (4) hours or major fraction thereof worked per day, and failing to provide premium pay compensation for denied rest periods, Defendants willfully violated the provisions of Labor Code § 226.7 and IWC Wage Order 5-2001.

66.    As a proximate result of the unlawful acts of Defendants, Plaintiffs and the other California Class members have been deprived of premium wages in an amount unknown at this time, but which will be shown according to proof at the time of trial. Further, Plaintiffs and the other Class members are entitled by statute to recover reasonable attorneys' fees, costs of suit, and interest and penalties on the unpaid amounts pursuant to Labor Code § 218.5.

**FIFTH CAUSE OF ACTION**

**(Bus. & Prof. Code § 17203 – Unpaid Overtime and Minimum Wages – on behalf of the California Class)**

67.    Plaintiffs incorporate the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

68.    Defendants have committed an act of unfair competition under California Business & Professions Code § 17200 *et seq.* by not paying the required state law overtime pay and minimum wages to the members of the California Class.

69.    Pursuant to Bus. & Prof. Code § 17203, Plaintiffs request an order requiring Defendants to make restitution of all overtime and minimum wages due to the California Class.

COMPLAINT
[CLASS ACTION]

**SIXTH CAUSE OF ACTION**

**(Bus. & Prof. Code § 17203 – Meal and Rest Breaks - on behalf of the California Class)**

70.     Plaintiffs incorporate the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

71.     In violation of Labor Code § 512 and IWC Wage Order 5-2001, Defendants failed to provide and document meal and rest period breaks for the California Class in the number, length and manner as required. At no time have Plaintiffs or the California Class members entered into any written agreement with Defendants expressly or impliedly waiving their right to their meal and rest breaks. Plaintiffs and the California Class have been injured by Defendants' failure to comply with Labor Code § 512 and IWC Wage Order 5-2001 and are thus entitled to the wages set forth in Labor Code § 226.7 and IWC Wage Order 5-2001 § 12.

72.     Pursuant to Bus. & Prof. Code § 17203, Plaintiffs request Defendants make restitution of all wages due to the class under this Cause of Action.

**SEVENTH CAUSE OF ACTION**

**(Labor Code § 203 on behalf of the California Sub-Class)**

73.     Plaintiffs incorporate the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

74.     Plaintiff Farfan and the California Sub-Class were discharged by Defendants or voluntarily quit, and did not have a written contract for employment.  Defendants, in violation of California Labor Code §§ 201 and 202 *et seq*. had a consistent and uniform policy, practice and procedure of willfully failing to pay the earned and unpaid wages of all such former employees. Defendants have willfully failed to pay the earned and unpaid wages of such individuals, including, but not limited to, straight time, overtime, vacation time, meal and rest wages, and other wages earned and remaining uncompensated according to amendment or proof.  Plaintiff Farfan and the California Sub-Class did not secret or absent themselves from Defendants nor refuse to accept the earned and unpaid wages from Defendants. Accordingly, Defendants are liable for waiting time penalties for the unpaid wages pursuant to California Labor Code § 203.

## EIGHTH CAUSE OF ACTION

### (Labor Code §§ 226 and 1174 on behalf of the California Class)

75.    Plaintiffs incorporate the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

76.    Defendants, as a matter of corporate policy, did not maintain or provide accurate itemized statements in violation of Labor Code §§ 226 and 1174.

77.    Defendants did not accurately state, *inter alia*, the total hours worked or daily hours worked by Plaintiffs and other non-exempt employees in their pay statements. Defendants' failure to maintain accurate itemized statements was willful, knowing, intentional, and the result of Defendants' custom, habit, pattern and practice. Defendants' failure to maintain accurate itemized statements was not the result of isolated, sporadic or unintentional behavior.  Due to Defendants' failure to comply with the requirements of Labor Code § 226, Plaintiffs and other non-exempt employees suffered damages.

78.    Such a pattern and practice as alleged herein is unlawful and creates an entitlement to recovery by Plaintiffs and the identified Class for all damages pursuant to Labor Code §§ 226, 1174, and 1174.5 including interest, attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on their own behalf and on behalf of the members of all classes, pray for judgment as follows:

1.    For an order conditionally certifying the Nationwide Representative Action and for an order directing that notice be sent to all members of the FLSA Class;

2.    For an order certifying the claims brought under California law and for an order directing notice be send to all members of the California Class and California Sub-Class;

3.    For damages, restitution, penalties, attorney fees and costs; and,

4.    For prejudgment interest.

Dated:  March 7, 2018                **WYNNE LAW FIRM**


By:_____*/s/Edward J. Wynne*_____
Edward J. Wynne

80 E. Sir Francis Drake Blvd., Suite 3G
Larkspur, CA 94939
Telephone  (415) 461-6400
Facsimile   (415) 461-3900
*Co-Counsel for Plaintiffs and the Putative Classes*

**MCCORMACK AND ERLICH, LLP**

By:_____*/s/Bryan J. McCormack*_____
Bryan J. McCormack, Esq.
150 Post Street, Suite 742
San Francisco, CA 94108
Telephone: (415) 296-8420
Facsimile:  (415) 296-8552
*Co-Counsel for Plaintiffs and the Putative Classes*


## JURY DEMAND

Plaintiffs hereby request a jury trial on all issues so triable.

Dated:  March 7, 2018          **WYNNE LAW FIRM**

By:_____*/s/Edward J. Wynne*_____
Edward J. Wynne
80 E. Sir Francis Drake Blvd., Suite 3G
Larkspur, CA 94939
Telephone  (415) 461-6400
Facsimile   (415) 461-3900
*Co-Counsel for Plaintiffs and the Putative Classes*

**MCCORMACK AND ERLICH, LLP**

By:_____*/s/Bryan J. McCormack*_____
Bryan J. McCormack
150 Post Street, Suite 742
San Francisco, CA 94108
Telephone: (415) 296-8420
Facsimile:  (415) 296-8552
*Co-Counsel for Plaintiffs and the Putative Classes*

COMPLAINT
[CLASS ACTION]