THOMAS M. MCINERNEY, SBN 162055
tmm@ogletree.com
JONATHAN W. BLACK, SBN 280421
jonathan.black@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Steuart Tower, Suite 1300/One Market Plaza
San Francisco, CA 94105
Telephone:      415.442.4810
Facsimile:      415.442.4870

MICHAEL J. NADER, SBN 200425
michael.nader@ogletreedeakins.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Esquire Plaza, 1215 K Street 17th Floor
Sacramento, CA 95814
Telephone:      916.840.3150
Facsimile:      916.840.3159

Attorneys for Defendants
SSC CARMICHAEL OPERATING COMPANY
 LP; SSC CARMICHAEL OPERATING GP,
LLC; SSC CARMICHAEL MANAGEMENT
COMPANY LP; SSC HICKORY 13TH
OPERATING COMPANY LLC; SSC HICKORY
EAST OPERATING COMPANY LLC; SAVASENIORCARE
ADMINISTRATIVE SERVICES, LLC; SAVASENIORCARE, LLC;
SAVASENIORCARE CONSULTING, LLC

## UNITED STATES DISTRICT COURT

## Northern DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAOMI FARFAN, LOLLIE WEBSTER, and TERRI RICHTER, individually and on behalf of other members of the general public similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SSC CARMICHAEL OPERATING COMPANY LP; SSC CARMICHAEL OPERATING GP, LLC; SSC CARMICHAEL MANAGEMENT COMPANY LP; SSC HICKORY 13TH OPERATING COMPANY LLC; SSC HICKORY EAST OPERATING COMPANY LLC; SAVASENIORCARE ADMINISTRATIVE SERVICES, LLC; SAVASENIORCARE, LLC; SAVASENIORCARE CONSULTING, LLC,<br><br>Defendants. | Case No. 5:18-CV-01472-HSG<br><br>**DECLARATION OF TERESA WRIGHT IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL ARBITRATION OF THE INDIVIDUAL CLAIMS OF PLAINTIFF TERRI RICHTER, AND TO DISMISS OR STAY OTHER CLAIMS PENDING ARBITRATION**<br><br>Date:          October 4, 2018<br>Time:          2:00 p.m.<br>Location:     1301 Clay St., Oakland<br>                    Courtroom 2, 4th Floor<br>Judge:        Haywood S. Gilliam, Jr. |

DECLARATION OF TERESA WRIGHT IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL
ARBITRATION OF THE INDIVIDUAL CLAIMS OF PLAINTIFF TERRI RICHTER, AND TO DISMISS OR
STAY OTHER CLAIMS PENDING ARBITRATION

1    I, Teresa Wright, declare as follows:

2    1.    I am a Human Resource Area Manager at SavaSeniorCare Consulting, LLC (the

3    "Company"). I provide human resource services for Company facilities. I have held my current

4    position for five years. My area includes seven residential care facilities, including the facility

5    located at SSC Hickory 13th Operating Company LLC, which is located at 220 13th Ave Place NW

6    in Hickory, North Carolina (the "Facility").

7    2.    This declaration is based on my personal knowledge, and if called upon to testify

8    as to the facts set forth in this declaration, I could and would competently testify to them.

9    3.    I have knowledge concerning the operations of the Facility, including its

10   practices regarding applicants, its onboarding process, and its process for keeping business

11   records. I also have knowledge of the records concerning the employment of Ms. Terri Richter

12   ("Richter").

13   4.    Richter was employed with the Facility as a Licensed Practical Nurse from on or

14   about July 1, 2015 until she voluntarily resigned on or about January 11, 2018.

15   5.    In my review of the Facility's records, I located a copy of the Employment

16   Dispute Resolution Program Agreement that Richter signed when she applied for employment

17   at the Facility. A true and correct copy of this document is attached as **Exhibit 1.** Based on my

18   knowledge of the application process, the Facility made the Employment Dispute Resolution

19   Book available to Richter when she obtained the application packet.

20   6.    In my review of the Facility's records, I located a copy of the Employment

21   Dispute Resolution Program Acknowledgement form that Richter signed when she started

22   employment at the Facility. A true and correct copy of this document is attached as **Exhibit 2.**

23   Based on my knowledge of the onboarding process, the Facility again provided Richter with the

24   Employment Dispute Resolution Book at this time.

25   7.    A true and correct copy of the Employment Dispute Resolution Book that was

26   provided to Richter is attached as **Exhibit 3**.

27   / / /

28

1      I declare under penalty of perjury under the laws of the United States of America and the

2 State of California that the foregoing is true and correct, and that this declaration was executed on

3 July 6, 2018 at Hickory, North Carolina.

4

5                                      Teresa Wright

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 5:18-cv-01472-HSG

# EXHIBIT 1

## Employment Dispute Resolution
## Program Agreement

> The Facility is committed to building positive employee relations, encouraging open communication and respecting the rights and dignity of our employees. We recognize, however, that problems may arise in work relationships. The Employment Dispute Resolution (EDR) Program provides a process for resolving employment problems. The EDR Program has four steps: (1) Open Door; (2) Facilitation; (3) Mediation; and (4) Arbitration. The EDR Program ensures a fair resolution to disputes and is often a much faster and less expensive process. No remedies that otherwise would be available to you in a court of law will be forfeited by virtue of the agreement to use and be bound by the EDR Program. If you wish to be considered for employment you must read and sign the following agreement binding you to use the EDR Program to resolve disputes. An EDR Program booklet describing the program in detail is available where you obtained this Application.

I recognize that differences may arise between the Facility and me during my application process or employment. I recognize that it is in our mutual best interests that disputes be resolved in a manner that is fair, private, expeditious, economical, final and less burdensome and adversarial than litigation in court. Therefore, both the Facility and I agree to resolve all claims, controversies or disputes relating to my application for employment, my employment and/or termination of employment exclusively through the Employment Dispute Resolution Program. By way of example only, such claims include claims under federal, state and local statutory, regulatory or common law, such as the Title VII of the Civil Rights Act of 1964, as amended, the Age Discrimination in Employment Act, the Americans with Disabilities Act, the Family and Medical Leave Act, claims for public police violations, and claims under the law of contracts and the law of torts.

I understand and agree that the last step of the EDR Program is final and binding arbitration by a neutral arbitrator. I understand and agree that this mutual agreement to use the EDR Program and to arbitrate claims means that the Facility and I are bound to use the EDR Program as the only means of resolving employment related disputes and to forego any right either may have to a jury trial. I further understand and agree that if I file a lawsuit regarding a dispute arising out of or relating to my application for employment, my employment or the termination of my employment, the Facility may use this Agreement in support of its request to the court to dismiss the lawsuit and require me to use the EDR Program instead.

I understand that my signature to this Agreement does not guarantee that I will be offered employment. If I am offered employment and I become employed this Agreement does not alter the "at-will" status of my employment.

I understand that the EDR Program affects my legal rights. I also understand that I may obtain a copy of the EDR Program booklet and seek legal advice before signing this Agreement.

I certify that I have read this Agreement, I have had an opportunity to ask questions regarding its content, I understand this Agreement, I believe it to be fair, and I voluntarily enter into this Agreement.

| \_\_Terri Ridder\_\_ | \_\_(signature)\_\_ | \_\_6/11/15\_\_ |
| Print Name | Signature | Date |

# EXHIBIT 2

# Employment Dispute Resolution Program
## Acknowledgment

I acknowledge that I have received my copy of the Employee Dispute Resolution (EDR) Program booklet. I understand nothing contained in the EDR Program booklet nor any other communication by the Company management can or should be construed as a guarantee of continued employment. All employment is at-will. This means either the Company or the employee for any reason may terminate the employment relationship at any time. Any statement to the contrary is invalid and should not be relied upon by any prospective or existing employee.

My signature below acknowledges that:
- It is my responsibility to familiarize myself with its contents and have had the opportunity to ask questions about its contents. If I have further questions, I will ask my Supervisor.
- I understand I am bound to use the EDR Program to resolve my employment related disputes as described within the booklet.

Date: 7/1/15

Name of Facility (Please Print) Brian Center

Name of Employee (Please Print) Terri Richter

Signature of Employee Terri Richter

# EXHIBIT 3

# Employment Dispute Resolution Book

# Introduction

We are committed to building positive employee relations, encouraging open communication and respecting the rights and dignity of others. Only by working well together can we make a difference in the lives of those who depend on us to provide the highest quality healthcare.

But sometimes, even with our best efforts, problems arise in work relationships. These problems can escalate into larger disputes if no options for resolving them are available. Our **Employment Dispute Resolution (EDR) Program** provides a process and the resources for finding solutions to employee problems. Because we care about our employees and believe it is important to treat employees fairly, the Program incorporates four steps: *(1) Open Door, (2) Facilitation, (3) Mediation and (4) Arbitration.* If the parties cannot mutually resolve the dispute in the first three steps, the Company has agreed to submit the dispute to an outside, impartial arbitrator and to accept the decision of the arbitrator as final and binding.

Not only does the EDR Program ensure a fair resolution to disputes, but it is often a much faster and less expensive process. Instead of possibly waiting for years to resolve a dispute in court, under the EDR Program disputes may be resolved in weeks or months. In addition, using the court system could be much more expensive than the EDR Program.

Your decision to accept employment or to continue employment with the Company constitutes your agreement to be bound by the EDR Program. Likewise, the Company agrees to be bound by the EDR Program. This mutual agreement to arbitrate claims means that both you and the Company are bound to use the EDR Program as the only means of resolving employment related disputes and to forego any right either may have to a jury trial on issues covered by the EDR Program. However, no remedies that otherwise would be available to you or the company in a court of law will be forfeited by virtue of the agreement to use and be bound by the EDR Program. This Program covers only claims by individuals and does not cover class or collective actions.

This booklet presents the basic procedures that govern the EDR Program and the four program steps for addressing employee issues and concerns. Read it carefully. It will help you understand your rights and responsibilities in the Program. Please note the Program has detailed rules specific only to the Mediation and Arbitration steps that are not contained in this booklet, but are available upon request. If you have questions, you may consult your Region Human Resources representative or the EDR Program Administrator.

*All references to the "Company" in this booklet refer to subsidiaries that employ the individuals working there.*

## Employment Dispute Resolution Program

❑    Provides four steps for resolving work-related disputes.

❑    Creates easier access to different levels of management.

❑    Keeps the lines of communication open.

❑    Facilitates good working relationships.

❑    Helps create an environment that encourages problem solving.

❑    Assures the fair resolution of problems in a timely manner.

❑    Promotes confidentiality.

### Effective Date, Duration and Impact of the EDR Program Upon Your Employment

The EDR Program is the process for resolving most workplace disputes between you and the Company, including, but not limited to, disputes concerning legally protected rights such as freedom from discrimination, retaliation or harassment.  It remains effective for the entire length of your employment and continues in effect should your employment end.   All employees must use the EDR Program as the sole means of dispute resolution.

The EDR Program does not establish any of the terms of your employment other than to act as a mechanism for resolving employment disputes.  Therefore, nothing in the EDR Program or in these procedures creates a contract of employment, express or implied, for any period of time, nor does it alter the at-will status of your employment with the Company.

### Employees Covered by the EDR Program

The EDR Program covers all management and non-union employees of the Company.  The EDR Program does not apply to employees who are covered by a collective bargaining agreement.

### Covered Disputes

Disputes covered under the EDR Program pertain to claims such as discipline, discrimination, fair treatment, harassment, termination and other legally protected rights.

Disputes not covered under the EDR Program relate to workers' compensation, unemployment benefits, health, welfare and retirement benefits and claims by the Company for injunctive relief to protect trade secrets and confidential information.

You retain the right to pursue employment disputes before federal or state administrative agencies.  Nothing in the EDR Program prevents you from filing a claim with a federal or state administrative agency or from cooperating in a federal or state agency investigation.

### Law Governing the EDR Program

The substantive law that governs the employment disputes that you take to mediation or to arbitration under the EDR Program is the same state and federal law that would have applied had your claims been heard in state or federal court.

The application, interpretation and enforcement of the EDR Program is covered by the Federal Arbitration Act.  If any court should find that the Federal Arbitration Act does not apply to the arbitration of your dispute with the Company, then the application, interpretation and enforcement of the EDR Program shall be covered by the law of the state in which you work.

### Confidentiality

All proceedings and all documents prepared in connection with any of the EDR Program steps are confidential.  Unless required by law, no EDR Program proceedings or documents shall be disclosed to any person other than to the participants in those proceedings, representing counsel, witnesses, the mediator, the arbitrator, and, if applicable, the court and its staff.

### Administration of EDR

To ensure the success of the EDR Program and promote employee awareness and understanding of how it works, an individual acts as the EDR Program Administrator. He or she oversees and manages the EDR Program to ensure it is properly administered and will answer questions, process requests and provide counseling, as necessary.

## Employment Dispute Resolution Program
## Consists of Four Steps:



**STEP 1**

**Open Door**

All levels of management
are available to hear
your concerns.

**Problem Mutually Solved**

**STEP 2**

**Facilitation**

Your Region Human
Resources Representative is
your Facilitator working
toward a mutual solution.

**Problem Mutually Solved**

**STEP 3**

**Mediation**

A neutral
third party assists
in reaching resolution.

**Problem Mutually Solved**

**STEP 4**

**Arbitration**

An impartial, outside party
hears the issues and
makes a decision.

**Resolution**

**Step One:  Open Door**



Open Door is an informal way of resolving problems early, preserving working relationships and promoting a productive work environment for everyone. Under the Open Door Step, you are encouraged to take your concerns first to your supervisor. Trying to resolve problems at work with the person to whom you report is usually the quickest and most direct way to find solutions.  Because your supervisor is close to your situation, he or she may be in a position to offer a different perspective or some new facts that may be helpful to you.  However, if circumstances exist that cause you to be uncomfortable going to your direct report, you may bring your concerns to any supervisor or manager you choose.  It is important to know that the Company will not retaliate against any employee in any way for using the Open Door.

You may raise any work-related matter through the Open Door.  You may voice your concerns verbally or you may put them in writing.  However, you may not attempt to resolve your dispute through any of the other EDR Program steps if you have not attempted to resolve your dispute first by using the Open Door.  Even though you are not bound by the outcome of the Open Door, it is a required first step of the program.

The Open Door Step encourages feedback to all levels of management; however, as a general rule, the process should progress as follows:

☐ Discuss your problem with your immediate supervisor.

☐ If your problem is not resolved or handled to your satisfaction, you may take your concerns to the next level of management.  Do this as promptly as possible to ensure a timely resolution to your problem.

☐ At the facility level, all facility problems, not directly involving the Administrator, should be reviewed with your Administrator before approaching anyone at the regional level. If you have reviewed your problem with your Administrator and still feel the problem needs further review, you may take your dispute to the Regional Vice President in charge of Operations for your Region. He or she will review your problem and respond to you.

The Open Door gives you the ability to express your concerns and seek a solution that is mutually acceptable to you and the Company.  If you find you are unable to find a satisfactory solution, you may move to Step Two.

## Step Two:  Facilitation



Ideally, everyone would like disputes to be resolved in Step One.  However, in some cases, other action may be necessary.

If you feel that the Open Door has not resolved your concern, the next step is Facilitation.  In Facilitation, you contact your Region Human Resources Representative.  He or she will act as the key facilitator in this step of the EDR Program.  In this role he or she will:

❑   Ensure all reasonable avenues of the Open Door process have been explored.
❑   Investigate all aspects of the dispute and help both sides consider the best way to settle the issue.
❑   Keep the lines of communication open.

Your Region Human Resources Representative has been trained to work with all parties to reach a mutually acceptable resolution. However, in some cases, it will not be possible to bring the parties to a common agreement. In this case:

❑   If your dispute does not involve a legally protected right, your Region Human Resources Representative will communicate the final decision regarding the outcome at the end of Step Two.

❑   If your problem involves a legally protected right, you may proceed to Step Three of the EDR Program. Your Region Human Resources Representative will will refer your case to the EDR Administrator.

# Step Three: Mediation



If you have pursued a resolution for a legally protected right through both Step One and Step Two and still are not satisfied, you may seek a resolution through the more formal process of Mediation. Mediation is a meeting at which an outside, neutral third party, called a mediator, helps you and the Company find a solution that is mutually acceptable. The selection of the mediator is made through the American Arbitration Association, a similar organization or by the EDR Administrator directly with a neutral party. The mediator will be experienced and knowledgeable in the field of employment law and will be impartial and independent. The mediator does not make a determination that either your position or the Company's position is right or wrong. Instead, the mediator acts as a "go-between" who works with both sides in an effort to come to a resolution. He or she helps parties reach agreement by:

☐ Identifying issues.
☐ Exploring any and all avenues that could lead to resolution.
☐ Attempting to find solutions that may be satisfactory to both parties.
☐ Creating an atmosphere that encourages communication and mutual agreement.

To begin mediation, your Region Human Resources Representative will refer your case to the EDR Administrator. Forms will be sent to you and the process will begin upon receipt of the completed documents. Participation in mediation includes a $50.00 initiation fee. The initiation fee will be used to pay a portion of the administrative fees charged by the organization or individual conducting the mediation. The Company will pay the remainder of the fees.

In the Mediation process, you have the option of requesting legal representation. If you choose to have legal representation at the Mediation, the Company will also have an attorney present. The Company will not bring an attorney if you do not bring an attorney. When you do seek to have legal representation, the Company may in some circumstances provide assistance in paying some of your legal fees. For information regarding reimbursement of these legal fees, see the Legal Consultation Fees section of this booklet.

The Mediation is confidential. No statements made in the process of trying to resolve your dispute may be used in any later proceeding for any purposes. The Mediation will take place at a location that is convenient and acceptable to you and to the Company.

At the Mediation, the mediator usually begins with a meeting at which both you and the Company representative are present. Each of you will be asked to state your positions so the mediator can get a good understanding of the situation. The mediator may then meet separately with each of you to get clarification and to find common ground for a solution. The mediator may continue meetings with the total group or may move back and forth between you and the Company until the case is settled or until it is determined a settlement cannot be reached. If you and the Company do reach an agreement through the mediator, it will be documented and signed by each of you. The specific rules that govern this process are available upon request.

You are not bound by the outcome of the Mediation; however, in most cases, it is a required step in the EDR Program. The EDR Program Administrator has the discretion of allowing you in some circumstances to move to Step Four without taking advantage of the Mediation Step.

## Step Four: Arbitration



Arbitration is the final step in the EDR Program for disputes involving your legally protected rights. Like Mediation, Arbitration is a process that involves an outside, third party that is completely neutral. Unlike Mediation, your dispute is presented to an arbitrator who makes a judgment and a decision, which is binding on both parties. Although the Arbitration step is somewhat less formal than going to court, the Program has specific rules that governed the proceeding. You may request a copy of these rules from the EDR Program Administrator. The Arbitration hearing can take several hours or several days, whatever is necessary to ensure a full and fair development of your case and the Company's case. At that point, the arbitrator will decide who wins and what remedies are appropriate

If the arbitrator decides in your favor, you can be awarded any remedy you might obtain from a court of law, including back pay, reinstatement, attorneys' fees and punitive damages. The selection of the arbitrator is made through the American Arbitration Association, a similar organization or directly with a neutral party. A hearing date at a neutral location that is satisfactory to both you and the Company is arranged.

If mediation is not successful, your Region Human Resources Representative will request the EDR Administrator to provide you with the required arbitration documents. You begin the arbitration process by returning the completed documents. As in Mediation, a $50.00 initiation fee is required for participation in Arbitration. Your initiation fee pays a portion of the administration costs. The Company pays the remainder of the administration costs as well as the arbitrator's fees and expenses.

As in Mediation, an attorney may represent you. If you seek legal representation, you are responsible for any attorney's fees you may incur. You may qualify for assistance from the Company in paying legal fees. For details on this, see the Legal Consultation Fees section in this booklet.

Prior to the Arbitration hearing, documents are exchanged and, in some cases, depositions are taken. The arbitrator runs the proceedings that are held privately in an informal setting. The arbitrator is the sole decision-maker. There is no jury. Evidence is presented to the arbitrator, testimony is given and witnesses are questioned and cross-examined by both you and the Company or by the attorneys representing you and the Company. It is important that you assert at the time of the arbitration any and all claims that you believe you may have against the Company. At the end of the Arbitration, the arbitrator issues a written decision that is binding on both you and the Company.

## Legal Consultation Fees

When your dispute involves a legally protected right such as discrimination, harassment or wrongful discharge, you may apply for reimbursement for legal fees you incur. The legal consultation is with an attorney of your choice; however, you must get approval from the EDR Program Administrator prior to consulting counsel.

Reimbursements for legal consultations are subject to a deductible, a co-payment and an annual limit. The following requirements apply to all approved consultations:

- ❏ You pay a $50.00 deductible.
- ❏ After the deductible, you pay 20% of the balance of the fee charged for the consultation. The Company pays 80% of the balance.
- ❏ The maximum benefit paid to you is $2,000. All charges beyond $2,000 are your responsibility.

## Questions and Answers

**Q:** **What do I do if my supervisor ignores the Open Door Step or starts to make things difficult for me after I present my issue?**

**A:** If the first person you approach in the Open Door Step is unresponsive or retaliates against you for using it, go to the next level of management to resolve your problem. You may also contact your Region Human Resources Representative or the EDR Program Administrator for assistance.

**Q:** **How can I be assured the Region Human Resources Representative will really try to help me in resolving my dispute?**

**A:** It is in the best interest of both parties to bring disputes to a speedy, agreeable solution. The Region Human Resources Representatives have received special training to assist them in doing just that. They have the ability to remain neutral and review issues from a standpoint that is independent of your facility.

**Q:** **Both the mediator and the arbitrator are neutral third party experts from outside the Company to help resolve disputes. What is the difference between Mediation and Arbitration?**

**A:** In Mediation, the mediator helps the parties reach a mutually acceptable solution, but does not give a final decision. In Arbitration, the arbitrator, after hearing both sides of the dispute, makes a decision that is binding on all parties. The arbitrator's decision cannot be appealed, except in rare circumstances.

**Q:** **Are there guidelines to make sure the Mediation and Arbitration processes are fair?**

**A:** Employment Dispute Resolution Program Rules govern the mediation and arbitration processes. Contact the EDR Program Administrator if you want a copy of these rules.

**Q:** **Do I have to go through Mediation before proceeding to Arbitration?**

**A:** Usually it is to the benefit of both parties to attempt to settle between themselves. The EDR Program is designed to keep lines of communication open, allowing you and the Company opportunities to resolve differences. Under some circumstances you may proceed directly to Arbitration if approved by the EDR Program Administrator. Such approval is in the sole discretion of the Program Administrator.

**Q:** **How does Arbitration differ from a court trial?**

**A:** The main difference is that arbitration is less formal. Arbitration is held in a private office or conference room rather than a public courtroom. Instead of a civil court judge or jury hearing both sides of a case and making a decision, an arbitrator who is an expert in employment disputes decides. Like a court trial, however, both parties may be represented by attorneys if they wish. Also, witnesses will testify under oath and will be questioned and cross-examined.

**Q:** **Why is Arbitration a step in the EDR Program?**

**A:** For many employers and employees, Arbitration is proving to be a better way to resolve disputes than litigation in the civil courts. Traditional litigation is very expensive for both

parties and often takes years to reach resolution. Disputes are resolved as quickly as a few months.

**Q:** **How is the mediator or arbitrator selected?**

**A:** Both sides will be given the opportunity to select a mutually acceptable mediator or arbitrator. If the parties cannot agree, they will be given a list of mediators or arbitrators. Each party will strike any names objected to and number the remaining names in order of preference. The American Arbitration Association, a similar organization, or the EDR Administrator will oversee this process.

**Q:** **Will mediators and arbitrators favor companies over the employee?**

**A:** No. Mediators and arbitrators selected for the process are experienced judges, attorneys and other trained professionals with an ethical obligation to be objective and fair to all parties.

**Q:** **Can an arbitrator award the same kind and amount of damages that a court or jury could?**

**A:** Yes. Remedies that can be awarded by an arbitrator are exactly the same as those available in court. The arbitrator must apply the federal or state substantive law that would have been applied in federal or state court (including, but not limited to, the applicable statutes of limitation, the applicable burdens of proof, and the applicable remedies). The arbitrator may not grant remedies that would have been unavailable if the dispute had been heard in federal or state court.

**Q:** **If I am terminated and elect to pursue Arbitration, does the arbitrator have the power to reinstate me?**

**A:** Yes. The arbitrator has the power to reinstate you. And because the case could be arbitrated much sooner than it would be tried in court, any reinstatement could happen within months, rather than years.

**Q:** **What if the cause of my dispute is an on-the-job injury?**

**A:** The EDR Program does not cover workers' compensation or unemployment insurance claims. If you need help with a problem regarding your claim for workers' compensation or unemployment insurance benefits, you may contact your Region Human Resources Representative.

**Q:** **Will I be able to go to the Equal Employment Opportunity Commission (EEOC) with this program in effect?**

**A:** Yes. You are still free to consult the appropriate state Human Rights Commission, the EEOC, or any other government regulatory body regarding your workplace problem. The Company hopes that the EDR Program will resolve all disputes to everyone's satisfaction.

**Q:** **If I don't want to go through Mediation or Arbitration, can I go to court?**

**A:** No. By choosing to work at the Company or remaining employed with the Company, you have agreed not to go to court for issues covered by the EDR Program. Similarly, the Company has agreed to be bound by the EDR Program. If you attempt to take a dispute to court, the Company will seek to enforce the EDR Program and remove it from the court system.

## Notes

*Employment Dispute Resolution*

## Notes

## Notes

**Employment Dispute Resolution Program
Acknowledgment**

I acknowledge that I have received my copy of the Employee Dispute Resolution (EDR) Program booklet. I understand nothing contained in the EDR Program booklet nor any other communication by the Company management can or should be construed as a guarantee of continued employment. All employment is at-will. This means either the Company or the employee for any reason may terminate the employment relationship at any time. Any statement to the contrary is invalid and should not be relied upon by any prospective or existing employee.

My signature below acknowledges that:
- It is my responsibility to familiarize myself with its contents and have had the opportunity to ask questions about its contents. If I have further questions, I will ask my Supervisor.
- I understand I am bound to use the EDR Program to resolve my employment related disputes as described within the booklet.

Date:_____

Name of Facility (Please Print) _____

Name of Employee (Please Print) _____

Signature of Employee _____