UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAOMI FARFAN, et al., <br>           Plaintiffs, <br> v. <br> SSC CARMICHAEL OPERATING COMPANY LP, et al., <br>           Defendants. | Case No. 18-cv-01472-HSG <br><br> **ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR RECONSIDERATION OR CLARIFICATION** <br><br> Re: Dkt. No. 51 |

## I. BACKGROUND

On February 1, 2019, the Court granted Defendants' motions to compel arbitration of the claims of Plaintiffs Terri Richter, Naomi Farfan, and Lollie Webster. Dkt. No. 50. The Court compelled arbitration of "Plaintiffs' non-PAGA claims." *Id.* at 10. On February 12, 2019, Plaintiffs filed the currently-pending motion for leave to file a motion for reconsideration, and in the alternative requested clarification regarding the February 1 order. Dkt. No. 51.

## II. LEGAL STANDARD

Under Civil Local Rule 7-9, "[b]efore the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order on any ground set forth in Civil L.R. 7-9 (b)." Civil L.R. 7-9(a). The Local Rule further directs that:

> [t]he moving party must specifically show reasonable diligence in bringing the motion, and one of the following:
> **(1)** That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law

> at the time of the interlocutory order; or
> **(2)** The emergence of new material facts or a change of law occurring after the time of such order; or
> **(3)** A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civil L.R. 7-9(b).

### III. DISCUSSION

#### A. Motion for Leave

Plaintiffs contend that a "material difference in fact or law exists from [that] which was presented to the Court" prior to its February 1 order, due to an order issued in the Western District of Texas on January 4, 2019. Dkt. No. 51 at 1.

Plaintiffs have not identified a material difference in fact or law by bringing the Texas court's order to the Court's attention. The Texas decision relied on the same facts presented to this Court, and is not binding on this Court. Moreover, Plaintiffs never brought the Texas court's order to this Court's attention before the February 1 ruling, even though they clearly could have. The Court therefore DENIES Plaintiffs' motion for leave to file a motion for reconsideration.

#### B. Motion for Clarification

Plaintiffs request, in the alternative, that the Court clarify its order "as to whether the Court has compelled only Plaintiffs' individual claims to arbitration or also has compelled the class claims to arbitration." *Id.* at 4. Defendants contend that "[p]er the Court's order, Plaintiffs' non-PAGA claims are compelled to arbitration on an individual basis, while their PAGA claims are stayed pending resolution of the individual arbitrations." Dkt. No. 52 at 5. Plaintiffs contend that the Court's order compelled all of Plaintiffs' non-PAGA claims, including Plaintiffs' putative class claims, to arbitration. Dkt. No. 51 at 4.

Plaintiffs are correct. The Court, in finding that the EDR Booklets are ambiguous as to whether putative class action claims must be arbitrated, resolved the ambiguity in favor of arbitration of those claims, and therefore submitted any future litigation with respect to those claims, including any dispute as to whether class claims are precluded, to the arbitrator in the first instance. Dkt. No. 50 at 9.

//

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiffs' motion for leave to file a motion for reconsideration, and **GRANTS** Plaintiffs' motion for clarification of the Court's February 1 order.

**IT IS SO ORDERED.**

Dated: 2/19/2019

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge