UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAOMI FARFAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SSC CARMICHAEL OPERATING COMPANY LP, et al., <br><br> Defendants. | Case No. 18-cv-01472-HSG <br><br> **ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION, GRANTING MOTION FOR RECONSIDERATION, AND DISMISSING PUTATIVE CLASS CLAIMS** <br><br> Re: Dkt. Nos. 54, 60 |

Defendants seek reconsideration of the Court's February 1 and February 19, 2019 orders compelling Plaintiffs' putative class claims to arbitration. Dkt. Nos. 54, 60. For the reasons discussed below, the Court **GRANTS** Defendants' motion for leave to file motion for reconsideration. Having granted Defendants' motion for leave, the Court construes the motion for reconsideration as fully briefed in the parties' motion for leave papers, and **GRANTS** Defendants' motion for reconsideration.

**I. BACKGROUND**

Plaintiffs bring this putative class and collective action suit against Defendants on behalf of a putative nationwide class and two California subclasses. Dkt. No. 12 ¶¶ 34–45. They allege violations of California labor laws and the Fair Labor Standards Act based on Defendants' failure to provide adequate meal and rest breaks, and to pay overtime compensation. *Id*. ¶¶ 46–85.

**A. February 1, 2019 Order (Docket Number 50)**

On February 1, 2019, the Court granted Defendants' motion to compel arbitration of Plaintiffs' claims. Dkt. No. 50. In doing so, the Court first held that the Federal Arbitration Act ("FAA") governed the interpretation of the Employee Dispute Resolution Program Agreement

("EDR Agreement"), which each Named Plaintiff signed when they applied for employment with Defendants. Dkt. No. 50 at 6. As to the scope of the EDR Agreement, Plaintiffs argued that the EDR Agreement and Employee Dispute Resolution Booklet ("EDR Booklet") expressly excepted class and collective actions from arbitration. *Id*. at 8–9. The Court disagreed, finding persuasive the district court's reasoning in *Allen v. SSC Lexington Operating Company LLC*, No. 1:16CV1080, 2017 WL 4357449 (M.D.N.C. Sept. 29, 2017). *Id*. at 9. The *Allen* court reviewed the same arbitration language as in this case and held that the plain language of the agreement gave rise to an ambiguity as to whether the parties "intended their agreement to include a waiver of class or [collective] action." *Id*. at 5 (quoting *Allen*, 2017 WL 4357449 at *4). Under the FAA, the ambiguity must be resolved in favor of arbitration, so "Plaintiffs' claims must be referred to arbitration." *Id*. at 9. However, the Court found that Plaintiffs' Private Attorneys General Act ("PAGA") claims were not subject to mandatory arbitration and stayed the PAGA claims pending arbitration. *Id*. at 9–10.

### B. February 19, 2019 Order (Docket Number 53)

Plaintiffs moved for leave to file a motion for reconsideration and, in the alternative, requested clarification regarding the February 1 Order. Dkt. No. 51. The Court denied Plaintiffs' motion for leave, but clarified that the Court's February 1 Order compelled all of Plaintiffs' non-PAGA claims, including Plaintiffs' putative class claims, to arbitration. Dkt. No. 53 at 2.

### C. Defendants' Motions Seeking Reconsideration

Defendants then moved for leave to file a motion for reconsideration as to the Court's February 19 Order. Dkt. No. 54. In that motion, Defendants posited that the Court's finding that the class claims are potentially arbitrable "runs contrary" to a 2010 Supreme Court case, *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662 (2010). *Id*. at 8–9. While that motion was under submission, the Supreme Court decided *Lamps Plus, Inc. v. Varela*, 139 S. Ct. 1407 (2019), which held that courts may not "infer from an ambiguous agreement that parties have consented to arbitrate on a classwide basis." *Id*. at 1419. In light of *Lamps Plus*, the Court directed Defendants to file a supplemental motion for leave specifically focused on how *Lamps Plus* affects the resolution of the prior motion to compel arbitration. Dkt. No. 58.

## II. LEGAL STANDARD

Under Civil Local Rule 7-9, "[b]efore the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order on any ground set forth in Civil L.R. 7-9 (b)." Civil L.R. 7-9(a). The Local Rule further directs that:

> [t]he moving party must specifically show reasonable diligence in bringing the motion, and one of the following:
> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civil L.R. 7-9(b).

## III. DISCUSSION

### A. *Lamps Plus* Constitutes a Change in Controlling Law

In *Lamps Plus*, the Supreme Court considered "whether the FAA [ ] bars an order requiring class arbitration when an agreement is not silent, but rather 'ambiguous' about the availability of such arbitration." *Lamps Plus*, 139 S. Ct. at 1412. The district court and the Ninth Circuit found that the employment contract was ambiguous as to the availability of class arbitration and construed the ambiguity against the drafter, *i.e.*, the employer, thereby compelling arbitration of all claims, including class claims. *Id*. at 1413. The Supreme Court reversed, holding that there was a "fundamental" difference between class arbitration and the "individualized form of arbitration envisioned by the FAA." *Id*. at 1416. "Class arbitration not only 'introduce[s] new risks and costs for both sides,' it also raises serious due process concerns by adjudicating the rights of absent members of the plaintiff class—again, with only limited judicial review." *Id*. (citations omitted and alterations in original). Because of these "crucial differences," the Supreme Court held that courts may not infer consent to participate in class arbitration "absent an affirmative

3

'contractual basis for concluding that the party *agreed* to do so.'" *Id*. *Lamps Plus* thus clarified that ambiguities regarding the scope of an arbitration agreement are not resolved in favor of arbitration with respect to classwide claims. *Id*. at 1415. Instead, the FAA "requires more than ambiguity to ensure that the parties actually agreed to arbitrate on a classwide basis." *Id.*

*Lamps Plus* clearly constitutes a change in controlling law and is dispositive in this case.[1] Accordingly, reconsideration is warranted, and the Court **GRANTS** Defendants leave to file a motion for reconsideration.

### B. Plaintiffs' Class Claims May Not Be Arbitrated

Having granted Defendants' motion for leave, and construing the motion for reconsideration as fully briefed, the Court now reconsiders its prior holding compelling the class claims to arbitration. *See* Dkt. Nos. 50, 53. Defendants argue that in light of *Lamps Plus*, the Court must compel arbitration of Plaintiffs' individual claims only and dismiss Plaintiffs' putative class claims.[2] Dkt. No. 60 at 4. The Court agrees that it cannot compel arbitration of the class claims. In its February 1 Order, the Court found that the EDR Agreement and EDR Booklet are "ambiguous as to whether putative class claims must be arbitrated or are permitted at all in any forum." Dkt. No. 50 at 9. There is no affirmative contractual basis for concluding that the parties agreed to arbitrate putative class claims, and the Court thus may not construe the ambiguity in favor of class arbitrability under *Lamps Plus*. *See* 139 S. Ct. at 1415–16. The Court accordingly

---

[1] Plaintiffs contend that *Lamps Plus* is "irrelevant" to Defendants' motion because the arbitration agreement in *Lamps Plus* was "clearly ambiguous as to whether it precluded class actions," whereas the EDR Agreement and EDR Booklet, Plaintiffs proffer, are unambiguous and "clearly exclude[] class actions." Dkt. No. 61 at 1. The Court disagrees, and declines to revisit its prior finding that the language is ambiguous.

[2] *Lamps Plus* did not address whether the availability of class arbitration is a question for the district court or arbitrator to decide, since the parties in *Lamps Plus* agreed that a court should resolve that question. 139 S. Ct. at 1417 n. 4. Here, neither party argued in their brief that the Court should delegate this question to an arbitrator, though Plaintiffs' counsel briefly raised the issue for the first time during the September 26, 2019 hearing. The Court notes that based on the reasoning of *Eshagh v. Terminix Int'l Co., L.P.*, 588 F. App'x 703 (9th Cir. 2014) (which the Court considers for its persuasive value under Fed. R. App. 32.1 and CTA9 Rule 36-3), availability of arbitration is one of the "gateway questions of arbitrability" for courts, and not the arbitrator, to decide (unless the agreement unambiguously says otherwise). *Id*. at 704; *see also Cervantes v. Voortman Cookies Ltd.*, No. 3:19-CV-00700-H-BGS, 2019 WL 3413419, at \*6–7 (S.D. Cal. July 29, 2019) (collecting cases finding that "class arbitrability is a gateway issue for courts, not arbitrators, to decide, absent clear and unmistakable language to the contrary").

finds that the putative class claims may not be arbitrated.

### C. Plaintiffs' Putative Class Claims Must Be Dismissed

In light of the Court's finding that the class claims may not be arbitrated under *Lamps Plus*, and the Court's prior order finding that Plaintiffs' individual claims are compelled to arbitration, *see* Dkt. No. 50, the Court finds that it must dismiss the putative class claims. Given that Plaintiffs are required to arbitrate their claims, there is no class representative who can pursue the class claims. *See* Fed. R. Civ. P. 23(a). Plaintiffs do not explain how they can pursue class claims as representative plaintiffs when they are required to arbitrate their own claims, and the Court is aware of no authority that would permit this result. *See Cervantes*, 2019 WL 3413419, at *7 (applying *Lamps Plus* in compelling arbitration of individual claims and dismissing class claims).

## IV. CONCLUSION

The Court **GRANTS** Defendants' motion for leave to file motion for reconsideration, partially **RECONSIDERS** its prior orders, and **DISMISSES** Plaintiffs' putative class claims. Plaintiffs must arbitrate the claims raised in this lawsuit on an individual basis. The Court previously ordered the PAGA claims stayed during the pendency of arbitration. Dkt. No. 50. The Court will continue to **STAY** the PAGA claims pending arbitration.

The parties shall file a joint report regarding the status of the arbitration proceeding 90 days from the date of this order, and every 90 days thereafter until that proceeding is concluded. The parties also are directed to jointly notify the Court within 48 hours of the conclusion of the arbitration proceeding.

**IT IS SO ORDERED.**

Dated: 10/7/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge